```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION


Mumin Israfil,                  :

            Plaintiff,          :   Case No. 2:11-cv-385

    v.                          :   JUDGE EDMUND A. SARGUS, JR.
                                    Magistrate Judge Kemp
Rob Jeffreys, et al.,           :

            Defendants.         :
```

## REPORT AND RECOMMENDATION
## AND ORDER

Plaintiff, Mumin Israfil, a prisoner at the Ross Correctional Institution, filed this action concerning the conditions of his confinement.  In his amended complaint, he asserts claims under the Americans with Disabilities Act, stating that he has a mobility impairment due to low back pain and that he has been denied or refused accommodations, disciplined, and retaliated against due to his disability.  Along with his complaint, he filed a motion for a temporary restraining order based on his claim that his medical condition prevented him from timely attending meals, and that prison officials were denying him food. He filed a second motion for a temporary restraining order on June 14, 2011, in which he claimed that he was being threatened with transfer to another prison because prison officials regarded his mobility impairment as disruptive, and that he was not likely to receive ADA accommodations at whatever location he was transferred to.  He did concede that his original request for preliminary injunctive relief was moot because he had been placed in segregation and was receiving three meals a day, delivered to his cell.  From a subsequently-filed notice of change of address, it appears that Mr. Israfil has now been transferred to the Toledo Correctional Institution.

Defendants responded to the more recent motion for a temporary restraining order with both a memorandum in opposition and an affidavit from Dr. Gary Krisher, the medical director at RCI.  Dr. Krisher's affidavit, briefly summarized, states that Mr. Israfil is physically capable of walking, that he has a history of exaggerating his symptoms, and that he is not underweight.  Dr. Krisher also confirmed that Mr. Israfil had been kept in the prison infirmary since June 8, 2011, and was receiving his meals there.  Finally, he stated that the Toledo Correctional Institution is a better environment for Mr. Israfil because the walking distances are much shorter there than at Ross.  Mr. Israfil did not reply to this response, and has not filed any more requests for injunctive relief since being transferred to Toledo.

The Court concludes that Mr. Israfil's two requests for a temporary restraining order are moot.  His transfer to another institution both negates any concern about being denied access to meals at Ross and his claim that he was going to be transferred for retaliatory reasons.  It is therefore recommended that both motions (#2 and #13) be denied.  Further, the Court notes that Mr. Israfil has filed an amended complaint, so his motion for leave to file an amended complaint (#14) is now moot as well, and that motion is denied.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper

objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

    The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  <u>See Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).

                                      <u>/s/ Terence P. Kemp</u>
                                      United States Magistrate Judge