IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Mumin Israfil,**

    **Plaintiff,**

Case No. 2:11-cv-385

v.

**JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Kemp**

**Rob Jeffreys, et al.,**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of the Plaintiff's objections (Doc. Nos. 27 and 42) to two Orders of the Magistrate Judge (Doc. Nos. 25 and 37). For the reasons that follow, the objections are overruled and the decisions of the Magistrate Judge are adopted and affirmed.

I.

Plaintiff, Mumin Israfil, an inmate currently incarcerated at the Toledo Correctional Institution, filed this action regarding the conditions of his confinement at the Ross Correctional Institution ("RCI"). In his amended complaint, he asserts claims under the Americans with Disabilities Act ("ADA"), stating that he has a mobility impairment due to low back pain and that he has been denied or refused accommodations, disciplined, and retaliated against due to his disability. The Defendants in this action are Rob Jeffreys, the Managing Officer at RCI, and B. Smith, the ADA Coordinator at RCI.

On November 10, 2011, the Magistrate Judge issued an Order granting Defendants' motion for extension of time to file dispositive motions as well as their motion for extension of time to respond to Mr. Israfil's discovery requests. Doc. No. 25. On November 25, 2011, Mr. Israfil filed an "Urgent Motion," Doc. No. 27, objecting to this Order. According to Mr. Israfil, the decision to allow extensions of time was an abuse of discretion because Plaintiff did not have an opportunity to file a memorandum *contra* Defendants' motions. In addition, Mr. Israfil argues that the Defendants' motions were untimely since the motions were filed beyond the discovery cut-off date. Mr. Israfil also argues that Defendants failed to show good cause for the motions. Finally, Mr. Israfil contends that allowing an extension of time for discovery "places at risk the loss or destruction of key articles of evidence" due to the passage of time. Doc. No. 27, at 4.

On April 18, 2012, the Magistrate Judge issued an Order denying, as moot, Mr. Israfil's motions to compel discovery. Doc. No. 37. Mr. Israfil had moved to compel discovery on the basis that Defendants failed to respond to his discovery requests. Doc. No. 21. Since Defendants later provided responses to Plaintiff's requests, the Magistrate Judge concluded that the motion was moot. Doc. No. 37, at 3. The Magistrate Judge also denied Mr. Israfil's request to compel discovery, made in his reply memorandum, since it "contain[ed] no certification, as required by Fed. R. Civ. P. 37(a)(1), that Mr. Israfil attempted to confer in good faith with defendants' counsel about the alleged deficiencies in the discovery responses . . . ." Doc. No. 37, at 3. The Magistrate Judge held that Mr. Israfil "is free to file a motion to compel raising the same issues after he confers with defendants' counsel. . . ." *Id.*

Mr. Israfil objects to this decision of the Magistrate Judge on the basis that the Order failed to provide a ruling "on the dispute between defendants' objections to plaintiff's discovery

2

requests and plaintiff's reply." Doc. No. 42, at 2. With the nature of these objections in mind, the Court proceeds to consider the merits of Mr. Israfil's motions.

## II.

In reviewing a ruling of the Magistrate Judge on a nondispositive matter, the Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). Under the "clearly erroneous" standard, the district court must affirm the Magistrate Judge's order unless it has the definite and firm conviction that a mistake has occurred. *In re Search Warrants Issued Aug. 29, 1994*, 889 F.Supp. 296, 298 (S.D. Ohio 1995). A district court's review under the "contrary to law" standard is plenary, and the court may set aside any legal conclusions that "contradict or ignore applicable precepts of law as found in the Constitution, statutes, or case precedent." *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992).

## III.

First, the Court finds that the Magistrate Judge's decision to allow Defendants additional time to respond to Mr. Israfil's discovery requests and to file dispositive motions was neither clearly erroneous nor contrary to law. Fed. R. Civ. P. 16(b)(4) provides that pretrial scheduling deadlines may be modified "for good cause and with the judge's consent." Whether "good cause" exists depends upon the moving party's diligence as well as the presence or absence of prejudice to the opposing party. *See Inge v. Rock Financial Corp.*, 281 F.3d 613, 625-26 (6th Cir. 2002).

3

In this case, the Magistrate Judge's decision to grant the extensions of time was based upon Defendants' showing of good cause. Doc. No. 25. The fact that the Defendants' motion was filed after the discovery cut-off date and that Mr. Israfil did not file a memorandum *contra* the motion is of no moment. Furthermore, there is no evidence that the extensions of time have in any way prejudiced Mr. Israfil. As Defendants observed in their motion, the claims in this case concern events that allegedly occurred while Mr. Israfil was incarcerated at a different institution. Thus, extending the deadlines in this case would have had no impact upon Mr. Israfil's current conditions of confinement. Finally, while Mr. Israfil argues that extending the deadlines would somehow lead to the destruction of evidence, there is nothing in the record to support such an allegation. Since the decision to extend the deadlines for discovery and dispositive motions were based upon a showing of good cause and, since there is no evidence of prejudice to Mr. Israfil, the Court finds that the decision was not clearly erroneous or contrary to law.

The Court also finds no error in the Magistrate Judge's decision to deny, as moot, Mr. Israfil's motion to compel discovery. The basis for Mr. Israfil's motion was Defendants' alleged failure to provide any responses to his discovery requests. After Mr. Israfil filed his motion to compel, Defendants responded to his discovery requests. Thus, the Magistrate Judge concluded that the previously filed motion to compel was moot. Doc. No. 37. This decision was neither clearly erroneous nor contrary to law.

While Mr. Israfil maintains that the responses to his discovery requests were somehow deficient, as the Magistrate Judge pointed out, "Mr. Israfil is free to file [another] motion to compel raising the same issues after he confers with defendants' counsel and if that conference fails to resolve all of the issues he has raised." Doc. No. 37, at 3. The procedure outlined is

4

appropriate and adheres to the directive of Fed. R. Civ. P. 37(a)(1). Thus, the decision is neither clearly erroneous nor contrary to law. Mr. Israfil's objection is therefore without merit.

## IV.

In light of the foregoing, Plaintiff's objections to the decisions of the Magistrate Judge, Doc. Nos. 27 and 42, are **DENIED**.

**IT IS SO ORDERED.**

9-4-2012
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**