IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MUMIN ISRAFIL, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 2:11-cv-385 |
| ROB JEFFREYS, et al., | : | JUDGE EDMUND A. SARGUS, JR.<br>Magistrate Judge Kemp |
| Defendants. | : | |

## OPINION AND ORDER

This matter is before the Court for consideration of the September 4, 2012 Report and Recommendation of the United States Magistrate Judge (ECF No. 49) and Plaintiff's Objections to the Report and Recommendation (ECF No. 54). The Report and Recommendation at issue recommended that summary judgment be granted to Defendants because Mr. Israfil did not exhaust his internal prison remedies as required by the Prison Litigation Reform Act, and also recommended denying a motion for a *Daubert* test and granting a request to file a surreply. Also before the Court are Plaintiff's Motion for Preliminary Injunction (ECF No. 56) and Plaintiff's Motion for Temporary Restraining Order (ECF No. 57). For the reasons stated below, the Court OVERRULES Plaintiff's Objections and ADOPTS the Magistrate Judge's Report and Recommendation. In addition, Plaintiff's Motion for Preliminary Injunction and Motion for Temporary Restraining Order are DENIED.

**I. Background**

Plaintiff, Mumin Israfil, was incarcerated at the Ross Correctional Institution ("RCI") at the time he filed the initial complaint alleging that Defendants violated his rights under the

Americans with Disabilities Act ("ADA"). In his amended complaint, Mr. Israfil alleged that he has physical disabilities including a mobility impairment due to lower back pain, and he alleges that Defendants discriminated against him on account of his disabilities, denied him accommodations for his disabilities, disciplined him on account of his disability, and retaliated against him for seeking accommodations under the ADA. The defendants in this action are Rob Jeffreys, who was the Managing Officer at RCI, and B. Smith, who was the ADA Coordinator at RCI.

Toward the end of 2010, Mr. Israfil submitted an informal message known as a "kite" to the ADA Coordinator requesting a reasonable accommodation under the ADA. (ECF No. 35, Exh. B-1.) In response, the ADA Coordinator provided Mr. Israfil with a reasonable accommodation request form. On December 9, 2010, Mr. Israfil submitted a "reasonable accommodation request," in which he stated that his disability precludes him from "walking, lifting, bending, bladder control, [and] bathing." (ECF No. 33, Exh. G.) His request was denied on January 6, 2011 based on test results. (ECF No. 33, Exh. G.) Mr. Israfil never appealed this request. (ECF No. 35, Exh. C.)

On April 18, 2011, Mr. Israfil submitted an informal complaint to the ADA Coordinator complaining of being denied access to the dining hall. The ADA Coordinator responded on April 26, 2011 by stating that there was no medical evidence to substantiate Mr. Israfil's claim of disability "Therefore no need to grant any accommodation at this time. Nothing Follows". (ECF No. 33, Exh. G.)

On June 9, 2011, Defendant Jeffreys told Mr. Israfil that he was being given a prison transfer (*id.* at ¶27), and, at about the time Mr. Israfil filed an amended complaint, he was

2

transferred to the Toledo Correctional Institution ("ToCI"). (Notice of Change of Address, ECF No. 18.) He never filed a grievance against Defendants regarding the transfer from RCI to ToCI. (ECF No. 35, Exh. 11.) Mr. Israfil filed a motion seeking a temporary restraining order prohibiting that transfer, which was denied. (ECF Nos. 13, 32.) The Court adopted the Magistrate Judge's report and recommendation, which noted that the medical director from RCI averred in a sworn affidavit that ToCI was a better environment for Mr. Israfil than RCI because of the shorter walking distances. (ECF Nos. 24, 32.)

On January 7, 2013, Mr. Israfil filed a motion for preliminary injunction and a motion for temporary restraining order seeking to enjoin the Ohio Prison Bureau from transferring him to the Chillicothe, Ohio prison. In support of these motions, Mr. Israfil's alleges that on October 30, 2012 he complained to ToCI staff of being kicked in the back several times by a ToCI prison guard and that, in retaliation for that complaint, ToCI illegally held an early security review for Mr. Israfil in order to transfer him to the Chillicothe prison. (ECF No. 57.)

## II. Motions for Preliminary Injunction and Temporary Restraining Order

The Court turns first to Mr. Israfil's motions for injunctive relief and temporary restraining order. The Court is required to weigh four factors in determining whether a party is entitled to a preliminary injunction under Fed. R. Civ. P. 65(a) or a temporary restraining order. Those factors are: (1) the likelihood that the party seeking the injunction will succeed on the merits of the claim; (2) the extent to which the party seeking the injunction will be injured unless relief is granted, focusing particularly on the possibility of irreparable injury; (3) whether the injunction, if issued, will cause substantial harm to others; and (4) whether issuance of the injunction is in the public interest. *See Washington v. Reno*, 35 F.3d 1093, 1099 (6th Cir.1994)

(setting forth standard for preliminary injunction); *Workman v. Bredesen*, 486 F.3d 896, 905 (6th Cir.2007) (setting forth factors for temporary restraining order). No one factor is dispositive. Rather, these four factors must be balanced in determining whether preliminary injunctive relief should issue. *In re Delorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir.1985). In addition to the traditional equitable factors, the Prison Litigation Reform Act imposes certain limitations on the granting of prospective relief "in any civil action with respect to prison conditions . . . ." 18 U.S.C. § 3626(a)(1). Such relief "shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs." *Id.*

"[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir.1994)). "This is because '[t]he purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends [he] was or will be harmed through the illegality alleged in the complaint.'" *Colvin*, 605 F.3d at 300 (quoting *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir.1997)); *see also S. Milk Sales, Inc. v. Martin*, 924 F.2d 98, 102 (6th Cir. 1991) (quoting *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981)).

In his motion, Mr. Israfil explains that ten days after he "truthfully complained to ToCI staff of being kicked several times in the back by a prison guard," there was a premature and "illegal annual security review in order to have plaintiff transferred." (ECF No. 57 at 3.) That allegation of retaliation arises from actions unrelated to the amended complaint. In addition, the underlying incident occurred in ToCI and Mr. Israfil complained to ToCI staff, but ToCI is not a

4

party to this case. Nonetheless, Mr. Israfil has argued that because Defendant Jeffreys had become the supervisor of the Ohio Bureau of Classification at that point, Defendant Jeffreys, in active participation with ToCI staff, composed Mr. Israfil's transfer. Mr. Israfil alleges that because Defendant Jeffreys knew of Mr. Israfil's medical needs and accommodations, and because Mr. Israfil informed Defendant Jeffreys of the planned transfer, Defendant Jeffreys acted maliciously in planning to transfer him to what he alleges is the largest prison in Ohio. While Mr. Israfil has attempted to tie his allegations to Defendant Jeffreys, his allegations of retaliation involve new assertions that are independent from the claims in this case. *See, e.g., Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (denying a motion for temporary relief as having nothing to do with preserving the district court's decision-making power over the merits of the underlying lawsuit and noting "[a]lthough these new assertions might support additional claims against the same prison officials, they cannot provide the basis for a preliminary injunction in this lawsuit") (citations omitted).

Further, looking to the merits of the motions, Mr. Israfil has failed to allege any facts or present any evidence supporting injunctive relief. There is no evidence of Defendant Jeffreys' involvement with the decision to transfer Mr. Israfil and no evidence that the transfer was arranged " because [Mr. Israfil] has opposed any act or practice made unlawful by the [ADA] or because such individual made a charge . . . under [the ADA]." 42 U.S.C. § 12203(a). In addition, there is no evidence of irreparable harm to Mr. Israfil from being moved to a larger facility (*e.g.*, no evidence that the accommodations made at ToCI will be withheld at the Chillicothe Prison). Accordingly, Mr. Israfil's motions for preliminary injunction (ECF No. 56) and a temporary restraining order (ECF No. 57) are denied.

### III.     Objections to a Report and Recommendation

The Court turns now to the objections to the Magistrate Judge's Report and Recommendation that Defendants' summary judgment motion be granted and that certain other motions be denied. When objections are received to a Magistrate Judge's Report and Recommendation on a dispositive matter, the assigned District Judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b) (1); *see also* Fed.R.Civ.P. 72(b). After review, the District Judge "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* General objections are insufficient to preserve any issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).     Here the Court reviews de novo the recommendations and findings of the magistrate judge regarding non-exhaustion. "Summary judgment is appropriate only if defendants establish the absence of a 'genuine dispute as to any material fact' regarding non-exhaustion." *Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011) (citing Fed. R. Civ. P. 56(a)).

Mr. Israfil first objects to the Magistrate Judge's recommended finding that Mr. Israfil failed to exhaust his claim pursuant to section 12132 of the ADA. Specifically, he argues that the Report and Recommendation failed to consider his request (separate from his original request for accommodation) to be permitted access to the dining hall.

The Report and Recommendation noted that pursuant to the Ohio Department of

6

Rehabilitation and Correction policy ("ODRC policy"), inmates may request accommodations pursuant to the ADA using an "Inmate Reasonable Accommodation Request Form." It noted that Mr. Israfil filed such a form and his request was denied, but Mr. Israfil failed to appeal the denial as required by the ODRC policy. While Mr. Israfil does not dispute the finding that he filed a request on December 9, 2010, that it was denied on January 6, 2011, and that he never appealed that denial, he argues that he has a separate complaint of being denied access to the dining hall that had not arisen at the time of his initial request for accommodation.

Mr. Israfil argues that following the denial of his initial request for accommodation, Defendants began denying him access to the dining hall. He asserts that he began to exhaust that claim by filing an informal complaint on April 18, 2011, complaining of being denied access to the dining hall. The ADA Coordinator responded on April 26, 2011 by stating that there was no medical evidence to substantiate his claim of disability, "[t]herefore no need to grant any accommodation at this time. Nothing Follows." Mr. Israfil concedes that he did not appeal that denial.

The PLRA requires proper exhaustion, which includes "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-91, 93 (2006). "A prisoner does not exhaust his administrative remedies if he fails to start the grievance process or to complete all potential appeals." *McKaye v. Burnett*, 104 F. App'x 515, 516 (6th Cir. 2004) (citations omitted). Pursuant to ODRC policy, Mr. Israfil had to file such a request for accommodation on the Inmate Reasonable Accommodation Request form. Mr. Israfil does not contend that he did so, but rather argues that Defendant Smith should have known from Mr. Israfil's informal complaint that he needed an Inmate Reasonable Accommodation Request form

7

and did not provide him with one even though Defendant Smith was the only source of that form. He provides no evidence of any efforts he made to obtain that form other than filing the informal complaint.

Mr. Israfil also appears to argue that Defendant Smith treated his informal complaint as an Inmate Reasonable Accommodation Request. This is supported by the fact that Defendant Smith denied the request based on the absence of medical evidence to substantiate the disability. Assuming that Defendant Smith's denial of the request waived the requirement that Mr. Israfil file his complaint on an Inmate Reasonable Accommodation Request form, Mr. Israfil still would have had to appeal the denial of his request. Mr. Israfil acknowledges that he did not appeal this decision, but argues that the appeal was unavailable or that Defendants should be estopped from arguing exhaustion because the ADA Coordinator wrote "Nothing Follows" in denying the informal grievance.

In order to satisfy the exhaustion requirement by demonstrating that Defendants made the grievance procedure unavailable, an inmate must first have made "affirmative efforts to comply with the administrative procedures," after which the Court must analyze whether those "efforts to exhaust were sufficient under the circumstances." *Napier v. Laurel Cty., Ky.*, 636 F.3d 218, 224 (6th Cir. 2011) (internal quotation marks and citations omitted). In *Napier,* the plaintiff argued that the grievance procedure at one institution was no longer available to him after he was imprisoned in a different, private facility, but the Court of Appeals rejected that argument, holding that the plaintiff had not attempted to follow the letter of the grievance policy. *Id.* at 223. The Court of Appeals held, "[f]aced with a policy that was not clearly unavailable, the only way to determine if the process was available, or futile, was to try." *Id.* at 224.

8

Here, the question is whether the ADA Coordinator's note "Nothing Follows" rendered an appeal clearly unavailable to Mr. Israfil. The Court finds that it does not. Looking at the handwritten denial of the informal complaint, the Court notes that after the sentence denying Mr. Israfil's complaint, Defendant Smith drew a curved line (for lack of a better description) that begins after the period finishing his denial and curves down and to the left in order to fill the blank space at the bottom of the form. The words "Nothing Follows" are written on that curved line. Ordinary usage indicates that Defendant Smith drew the curved line and wrote "Nothing Follows" in order to show that the previous sentence was all that he wrote and to prevent anyone from attempting to add any additional words to the form. However, even if that is not the intended meaning, the meaning is at best vague and certainly says nothing about an appeal. While there could be instances where a defendant's representations during the grievance process rendered a process clearly unavailable or warranted estopping defendants from arguing failure to exhaust, the statement at issue here, "nothing follows," does not. When faced with a policy that may or may not be unavailable, inmates are required to try to comply with the policy. *Napier*, 636 F.3d at 224. There is no evidence demonstrating that the appeal process was unavailable or that Defendants should be estopped from arguing non-exhaustion. Accordingly, Mr. Israfil failed to exhaust his claims pursuant to section 12132 of the ADA.

Because the Court finds that Mr. Israfil has failed to exhaust his claims pursuant to section 12132 of the ADA, it cannot reach the arguments as to the merits that Mr. Israfil raises in his objections including his arguments that he was "regarded" as having a disability under the ADA.

Mr. Israfil also objects to the recommended conclusion that he failed to exhaust his

9

retaliation claim pursuant to section 12203(a) of the ADA. The Report and Recommendation describes Mr. Israfil's retaliation claim as alleging that Defendants retaliated against him by transferring him from RCI to ToCI. The Report and Recommendation cites undisputed evidence that Mr. Israfil never filed a grievance regarding his transfer from RCI to ToCI. In his objection, Mr. Israfil contends that the Magistrate Judge mischaracterized his retaliation claim, but he does not argue that he exhausted his retaliation claim, however it might be characterized. Accordingly, because Mr. Israfil does not object to the factual findings that he never filed a grievance relating to his transfer to ToCI or any other retaliation pleaded in the complaint, the Court adopts the recommendation that Mr. Israfil failed to exhaust his retaliation claim.

Mr. Israfil points to language in the Report and Recommendation that appears to limit its conclusions to Defendants in their official capacity. However, the exhaustion requirement applies to plaintiff's claims rather than to defendants: "No action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). Accordingly, Mr. Israfil's failure to exhaust is dispositive of his claims against Defendants in both their official and individual capacities.

Lastly, Mr. Israfil objects generally to the recommendation that his *Daubert* motion be denied, but he does not address the reasoning in the Report and Recommendation. This general objection provides no basis for rejecting that recommendation. Regardless, the Court agrees with the Report and Recommendation's conclusion regarding the *Daubert* motion, and given the dismissal for failure to exhaust, any other pending motion is now moot.

## V. Conclusion

For all the foregoing reasons, the Court OVERRULES Plaintiff's Objections (ECF No. 54) and ADOPTS the Magistrate Judge's Report and Recommendation (ECF No. 49). Plaintiff's Motion for Summary Judgment (ECF No. 33) is DENIED. Defendants' Motion for Summary Judgment (ECF No. 35) is GRANTED. Plaintiff's Motion for a *Daubert* Test (ECF No. 38) is DENIED. Plaintiff's Request to File a Surreply (ECF No. 47) is GRANTED. Plaintiff's Motion for Preliminary Injunction (ECF No. 56) is DENIED. Plaintiff's Motion for Temporary Restraining Order (ECF No. 57) is DENIED. This case is DISMISSED.

**IT IS SO ORDERED.**

2-6-2013
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

11